IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

DERWIN RENWICH MCWAINE,                                              PETITIONER

V.                                                           NO. 4:98CR022-GHD

UNITED STATES OF AMERICA,                                            RESPONDENT

## MEMORANDUM OPINION

Presently before the court is the Petitioner's, Derwin McWaine, a *pro se* federal inmate, 60(b)(3) motion in which he is seeking to vacate or reduce his sentence. Having reviewed the motion and the Government's response, the court finds that the motion is not well taken and shall be denied.

*A. Background*

Petitioner was tried and convicted by a jury of his peers of various drug and gun violations in August 1998. Petitioner filed a notice of appeal and discharged his trial counsel. Petitioner dismissed three attorneys[1], including his trial counsel, and the court appointed a fourth attorney who competently and successfully represented Mr. McWaine during the appeals process. Following a successful appeal, Petitioner was re-sentenced. Petitioner immediately appealed and in May 2002, the Fifth Circuit affirmed his modified sentence. Despite his small victory, Petitioner continued to file various motions with the court seeking "immediate release" and "evidentiary hearings," all of which were denied. Petitioner appealed these ruling and in November 2003, the Fifth Circuit affirmed this court's judgment.

---

[1] One attorney may have actually withdrawn or been removed by the court for failing to file an appellant brief. Petitioner, however, was given additional time and consideration for his court appointed attorney's failure. Petitioner was not prejudice by the attorney's lapse as evidenced by his re-sentencing ordered by the Fifth Circuit Court of Appeals in April of 2001.

Petitioner has chosen to characterize the present litany of filings as motions for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(3). In support of his motions, Petitioner suggests that there is newly discovered evidence and that he was prejudice by his appellate counsel's failure to file a brief.

### B. Discussion

The court is aware that it is not confined to the characterization given motions by litigants, particularly *pro se* litigants. Additionally, the court notes that the motion *sub judice* is, in substance, a 28 U.S.C. § 2255 motion to vacate, amend or alter sentence. Since successive or second § 2255 motions are prohibited absent permission from the court of appeals, and since Petitioner has already sought relief pursuant to § 2255, any such formally title motion would be plainly improper.

The Antiterrorism and Effective Death Penalty Act of 1996 (Public Law No. 104-132, 110 Stat. 1214), which was signed into law on April 24, 1996, provides at 28 U.S.C. § 2255(b)(3)(A) that "a second or successive motion must be certified as provided in § 2244 by a panel of the appropriate court of appeals to contain - (1) newly discovered evidence ... and (2) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable." There is no indication whatsoever that Petitioner has either sought or received such certification from the court of appeals.

With his latest barrage of motions, Petitioner is simply attempting to circumvent the procedural safeguards which he must traverse. To the extent the relief sought might plausibly be a proper 60(b)(3) motion, it is untimely and shall be denied. To the extent that the relief sought is not so cleverly disguising a successive § 2255 motion, it shall also be denied. Petitioner was tried and convicted; his case was appealed on more than one occasion; he was re-sentenced; and Petitioner has had his opportunity to attack his sentence. The court is very familiar with the facts of this case and the arguments Petitioner presents today. Therefore, the court is not convinced that there has been an error of law or fact that would justify the relief sought and his motions shall be denied.

## C. Conclusion

Consistent with the foregoing discussion Petitioner's 60(b)(3) motion shall be denied in all respects. To the extent he is seeking relief under 28 U.S.C. § 2255, without permission from the Fifth Circuit Court of Appeals his motion shall be denied in all respects.

A final judgment in accordance with this opinion will be entered.

THIS the 13th day of November, 2006.

_____
Chief Judge