IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

DERWIN RENWICK MCWAINE                                                        PETITIONER

v.                                                            CRIMINAL NO. 4:98-CR-00022-D-V

UNITED STATES OF AMERICA                                                      RESPONDENT

**MEMORANDUM IN OPPOSITION TO
MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE
PURSUANT TO 28 U.S.C. § 2255**

  Comes now the United States of America, by and through the United States Attorney for the Northern District of Mississippi, and files its Memorandum in Opposition to [Doc. #183) Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, and is support thereof would show the following:

**Background**

  Petitioner, DERWIN RENWICK McWAINE, was tried and convicted by a jury of his peers of various violations of federal gun and drug offenses in August 1998. Petitioner filed a notice of appeal. This Court appointed counsel to represent Petitioner during an exhaustive appeals process. Petitioner was successful in his appeals and the Fifth Circuit Court of Appeals ordered that his case be remanded to the District Court for re-sentencing. This Court re-sentenced McWaine on March 30, 2001, to a term of imprisonment of 50 years, followed by 5 years supervised release, and a $900 assessment for each count of conviction. *(See Doc #130).* Despite being re-sentenced by the Court to a lesser term of imprisonment, Petitioner continued to file various motions with the court seeking a lesser sentence and his immediate release.

Petitioner eventually appealed the rulings of the District Court to the Fifth Circuit in November 2003, all of which were affirmed.

Petitioner then filed additional motions for relief which he characterized as motions for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(3). Petitioner alleged in his previous filings that there was newly discovered evidence and that he was prejudiced by his appellate counsel's failure to file a brief. These motions were treated by the Court effectively as a 28 U.S.C. § 2255 motion to vacate, amend or alter sentence. This Court found these motions to be prohibited because Petitioner had previously sought relief pursuant to § 2255. The Court denied Petitioner's second § 2255 motion on November 13, 2006 (*See Doc # 160)* because Petitioner had not received permission from the Fifth Circuit Court of Appeals to file a second or subsequent motion under 28 U.S.C. § 2255 . In the motion *sub judice*, Petitioner again seeks relief pursuant to § 2255 having previously file two prior motions.

## Discussion

Petitioner has previously filed two successive or second §2255 motions with this Court. However, Petitioner has not received permission from the Fifth Circuit Court of Appeals to file such motions, therefore any relief sought pursuant to this section would be plainly improper.

Under 28 U.S.C. § 2255, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, a federal prisoner may not file a second or successive motion to vacate unless a three-judge panel of the court of appeals certifies that the motion relies on either

> (1) newly discovered evidence, that if proven and viewed in a light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

Petitioner does not even acknowledge the statutory requirements and clearly cannot meet them. As this Court has previously noted in its prior rulings, "Petitioner is simply attempting to circumvent the procedural safeguards which he must traverse." (*See page 2, Doc #160*). Petitioner has not made any showing to this Court that he has obtained the necessary certification from the Fifth Circuit, nor has he made any showing of any error of law or fact that would justify the Court's examination of his pleadings pursuant to § 2255. Petitioner has previously sought relief on two prior occasions, and in each instance been denied by this Court. Petitioner cannot make any colorable showing to justify relief pursuant to 28 U.S.C. § 2255, therefore his request must be denied.

Respectfully submitted, this the 21st day of June, 2012.

                                            FELICIA C. ADAMS, MS Bar 1049
                                            United States Attorney

                                            By:   */s/ Chad M. Doleac*
                                                CHAD M. DOLEAC, MS Bar No. 100590
                                            Assistant United States Attorney
                                            Ethridge Professional Building
                                            900 Jefferson Avenue
                                            Oxford MS 38655-3608
                                            Telephone 662/234-3351
                                            Criminal Division fax 662/234-0657

## **CERTIFICATE OF SERVICE**

I, Chad M. Doleac, AUSA, do hereby certify that I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

    NONE

and I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants:

    Derwin Renwick McWaine
    Reg. No. 10797-042
    P.O. Box 019001
    Atwater CA 95301

This 21st day of June, 2012.

                                          */s/ Chad M. Doleac*
                                          CHAD M. DOLEAC
                                        Assistant United States Attorney