IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**DERWIN RENWICK MCWAINE**                                **PETITIONER**

**vs.**                                                    **NO.: 4:98cr22-GHD-JMV-1**

**UNITED STATES OF AMERICA**                               **RESPONDENT**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Petitioner's 28 U.S.C. § 2255 motion to vacate, set aside, or correct the sentences imposed on him by the Court's March 30, 2001 judgment, as later modified by the Fifth Circuit Court of Appeals. The Government has filed a response to the motion, and Petitioner has filed a reply thereto. This matter is now ripe for the Court's consideration.

### Background

Petitioner was tried and convicted of various violations of federal gun, drug, and money laundering offenses in August 1998. He was sentenced to life imprisonment on Count 1 (conspiracy to distribute cocaine base); 60 months on Count 2 (possession with intent to distribute marijuana); 120 months on Count 3 (possession of a gun as a felon); 60 months on Count 4 (possession of a gun with an obliterated serial number); and 240 months each on Counts 7-12 and 14-15 (money laundering), with the sentences to be served concurrently. (*See* doc. entry no. 107). An appeal followed, and the Fifth Circuit Court of Appeals vacated Petitioner's sentence and remanded his case for resentencing in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which requires any fact, other than a prior conviction, increasing a defendant's punishment for a particular crime to be submitted to a jury and proved beyond a reasonable

1

doubt. *Apprendi,* 530 U.S. at 490; *see also United States v. McWaine,* 243 F.3d 871, 874, 875-76 (5th Cir. 2001). Specifically, the court concluded that Petitioner's sentence of life imprisonment on Count 1 violated *Apprendi* because the Government sought to increase Petitioner's punishment under 21 U.S.C. § 841(b)(1)(A) based on drug quantity, but drug quantity was not alleged in the indictment and proved to the jury beyond a reasonable doubt. *See id.* at 875. The Fifth Circuit determined that this Court could not sentence Petitioner to more than 20 years – the statutory maximum provided by 21 U.S.C. § 841(b)(1)(C) (providing penalties where drug quantity is not at issue). *Id.*

Shortly thereafter, Petitioner filed a motion that the Court construed as a § 2255 motion for relief that it denied as moot, as Petitioner had not been resentenced. Petitioner's presentence report ("PSR"), which was not altered for Petitioner's resentencing, recommended an adjusted total offense level of 46 with thirteen criminal history points. This resulted in a criminal history category of VI, the United States Sentencing Guideline range for which was life imprisonment. Petitioner's resentencing occurred on March 30, 2001. The Court rejected Petitioner's argument that *Apprendi* applied to his sentencing guideline computation, and it also rejected his objections to the PSR. In passing sentence, the Court grouped Petitioner's drug counts (Counts 1 and 2), his gun counts (Counts 3 and 4), and the money laundering counts (Counts 7-12 and 14-15). Petitioner was sentenced to a term of imprisonment of twenty years on Count 1, five years on Count 2 (served concurrently with Count 1), ten years on Count 3 (served consecutively to Counts 1 and 2), five years on Count 4 (served concurrently with Count 3), and twenty years on the remaining counts (served concurrently with each other and consecutively to Counts 1-4). (*See* doc. entry no. 130).

Petitioner was sentenced to the statutory maximum under each count, and his grouped sentences were ordered to run consecutively under § 5G1.2 of the *United States Sentencing Guidelines Manual* ("U.S.S.G."), which is the section dealing with multiple counts of conviction. This section provides, in part, that "[i]f the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment." U.S.S.G. §5G1.2(d). Because the Court ordered Petitioner's grouped sentences to run consecutively, Petitioner was sentenced to a total term of fifty years imprisonment. A five year period of supervised release and a $900 assessment for each count of conviction was also ordered. (*See* doc. no. 130).

On appeal, Petitioner argued that the Court erred in determining that his base level offense for Count 1 was 38 under U.S.S.G. §2D1.1(c)(1), as that section provides base level offenses for various drug quantities. He also argued that the Court erred in ordering his sentences to run consecutively, as doing so increased his punishment in violation of *Apprendi*. The Fifth Circuit affirmed Petitioner's sentence and affirmed as modified his term of supervised release. *United States v. McWaine*, 290 F.3d 269 (5th Cir. 2002), *cert. denied, McWaine v. United States*, 537 U.S. 921 (2002).[1]

Petitioner subsequently filed what he characterized as motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(3), and which this Court construed as a 28 U.S.C. § 2255 motion to vacate, amend, or alter sentence. The Court denied Petitioner's § 2255

---

[1] The Fifth Circuit modified Petitioner's term of supervised release to three years. *See id.* at 277.

motion on November 13, 2006, finding that it was successively filed without the proper permission, and that it was otherwise without merit. *See McWaine v. United States*, Cause No. 4:98CR022-GHD, 2006 WL 3307472 (N.D. Miss. 2006). The Court also denied Petitioner a certificate of appealability. (*See* doc. entry no. 166). On appeal, the Fifth Circuit Court denied Petitioner a certificate of appealability. *United States v. McWaine*, Cause No. 07-60021 (5th Cir. August 7, 2007) (*see* doc. entry no. 173).

On April 13, 2012, Petitioner filed a § 2255 motion that the Court ordered transferred to the Fifth Circuit Court of Appeals in order for Petitioner to seek permission to file a successive § 2255 motion. (*See* doc. entry no. 189). The appellate court found that Petitioner's motion was not successive, and no application was necessary, as Petitioner's initial motion was denied as moot and his Rule 60(b) motion was, therefore, not successive. (*See* doc. entry no. 195). On December 26, 2012, Petitioner filed another § 2255 motion with the Court, asserting the same grounds as he did in the April motion.

In the instant § 2255 motion, Petitioner maintains that his resentencing violated the Fifth Circuit's mandate and the holdings of *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *United States v. Booker*, 543 U.S. 220 (2005). He also argues that he was sentenced based on error in his presentence report, unchanged on remand, that erroneously calculated his base offense level for the drug counts based on drug quantity. He maintains that the sentences imposed against him should run concurrently. He argues that review is warranted in this case because, at his resentencing, the Court found that the rule in *Apprendi* does not apply to the sentencing guidelines, but that *United States v. Booker*, 543 U.S. 220 (2005), has since held that it does.

Respondent submits that Petitioner's motion is untimely and otherwise without merit, as

the instant motion seeks only to relitigate claims previously rejected on direct appeal.

**Discussion**

A motion filed under 28 U.S.C. § 2255 must be filed within the applicable limitations period. Section 2255 provides, in relevant part, as follows:

> A 1-year period of limitation shall . . . run from the latest of -
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The limitations period in this case began to run when the Supreme Court denied certiorari, which was October 7, 2002. *See* 28 U.S.C. § 2255(f)(1); *United States v. Thomas*, 203 F.3d 350, 355 (5th Cir. 2000) (holding that conviction became final when Supreme Court denied certiorari). Therefore, absent a statutory exception to (f)(1), Petitioner's § 2255 motion must have been filed by October 7, 2003 in order to be timely. Petitioner does not argue that the exceptions in (f)(2) and (f)(4) are applicable to his claim. Out of an abundance of caution, the Court construes Petitioner's motion to assert a claim that the date of the Supreme Court's decision in *United States v. Booker* triggers the limitations period under (f)(3).

In 2005, in *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court extended *Apprendi*'s rule to the Federal Sentencing Guidelines: that is, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the

5

facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *See id.* at 244; *see also id.* at 245 (holding the sentencing guidelines advisory, rather than mandatory). Petitioner argues that this Court ruled in 2001 that *Apprendi* does not apply to the sentencing guidelines, and that Supreme Court cases have now established otherwise. However, even if Petitioner's argument is true, *Booker* does not apply retroactively to Petitioner's § 2255 motion. *See United States v. Gentry*, 432 F.3d 600, 603 (5th Cir. 2005) (holding that rule in *Booker* does not apply retroactively to convictions that became final before the *Booker* decision issued). Therefore, § 2255(f)(3) is not applicable in Petitioner's case, and Petitioner's motion is untimely under § 2255(f)(1).

Because the limitations period in § 2255(f) is not jurisdictional, however, equitable tolling can, in "rare and exceptional circumstances," toll the limitations period. *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (citation omitted). Equitable tolling is typically reserved for cases "where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (citation and internal quotation omitted). The party seeking the benefit of equitable tolling must establish that some extraordinary circumstance stood in the way of filing a timely § 2255 motion despite his diligent pursuit of his rights. *United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008) (citing *Lawrence v. Florida*, 549 U.S. 327 (2007)). Petitioner has not argued, and the Court does not find, that equitable tolling is warranted in this case. Therefore, the instant motion is time-barred.

As an additional basis for dismissing the instant motion, the Court finds that it is not required to allow Petitioner to relitigate claims rejected by the Fifth Circuit on direct appeal. *See*

*United States v. Rocha*, 109 F.3d 225, 230 (5th Cir. 1997); *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) ("It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions."). Petitioner raised *Apprendi* issues on appeal, as well as challenges to his presentence report. *See United States v. McWaine*, 290 F.3d 269 (5th Cir. 2002). On appeal, the Fifth Circuit found no error in this Court's application of the sentencing guidelines to determine Petitioner's base level offense for Count 1, as Petitioner "was not sentenced in excess of twenty years [the statutory maximum] under § 841(b)(1)(C)." *United States v. McWaine*, 290 F.3d 269, 274 (5th Cir. 2002). Moreover, it found no error in the consecutive sentences ordered in Petitioner's case, finding that *Apprendi* is not implicated when the guideline calculation does not exceed the statutory maximum on any single count, even though the total punishment might exceed the statutory maximum on a single count. *See id.* at 276; *see also* U.S.S.G. § 5G1.2(d). Therefore, the instant motion will be denied.

## Conclusion

For the foregoing reasons, McWaine's § 2255 motion to vacate, set aside, or correct the sentence [196] is **DENIED WITH PREJUDICE**. A separate judgment in accordance with this memorandum opinion will issue this day.

THIS the 13 day of March, 2013.

/s/ Glen H. Davidson
SENIOR JUDGE