IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

DERWIN RENWICK MCWAINE                                          PETITIONER

v.                                                CRIMINAL NO. 4:98-cr-00022-GHD-JMV-1

UNITED STATES OF AMERICA                                         RESPONDENT

MEMORANDUM OPINION GRANTING DEFENDANT DERWIN RENWICK MCWAINE'S
PRO SE MOTION FOR EXTENSION OF TIME TO APPEAL

Defendant Derwin Renwick McWaine filed an untimely notice of appeal [224] from this Court's Order [223] denying his motion to reduce sentence. The Court of Appeals for the Fifth Circuit remanded this case to this Court for the purpose of determining whether McWaine's untimely notice of appeal [224] was due to excusable neglect or good cause under Rule 4(b)(4) of the Federal Rules of Appellate Procedure [225].[1] Upon due consideration, the Court finds that McWaine has demonstrated good cause or excusable neglect for his untimely notice of appeal.

On November 4, 2014, this Court entered an Order [223] denying McWaine's motion to reduce sentence. McWaine had until November 18, 2014 to file a timely notice of appeal, but did not file his *pro se* notice of appeal [224] until December 1, 2014. McWaine maintains that he received a copy of the Court's Order [223] denying his motion to reduce sentence on November 12, 2014, and that the same was forwarded by the Federal Public Defender's Office. McWaine states that although he received the forwarded Order on November 18, 2014, he "is not represented by the Federal Public Defender's Office, nor any other attorney for that matter, but is and has been for some time, a *pro se* litigant" and that for this reason his notice of appeal should be considered timely filed. Notice of Appeal [224] at 2. On May 4, 2015, McWaine filed a

---

[1] The Fifth Circuit determined that McWaine's notice of appeal was filed within the thirty-day window in which a district court is authorized to extend the period of time for filing notice of appeal upon a showing of good cause or excusable neglect. *See* Fed. R. Crim. P. 4(b)(4).

1

document he styled "request to allow appeal to be filed out of time" [226] wherein he contended that he did not receive the Court's Order through the prison mailing system until the deadline to file a timely notice of appeal had passed.

A defendant in a criminal case must file a notice of appeal within fourteen days of the entry of judgment or order from which the appeal is taken. Fed. R. App. P. 4(b)(1)(A)(i). This time limit is mandatory but not jurisdictional. *United States v. Martinez*, 496 F.3d 387, 388–89 (5th Cir. 2007). A district court may extend the time "for a period not to exceed 30 days from the expiration of the time otherwise prescribed" based on a finding of excusable neglect or good cause. Fed. R. App. P. 4(b)(4). The filing of an untimely notice of appeal in a criminal case within the 30–day period is customarily treated as a motion for a determination whether excusable neglect or good cause entitles the defendant to an extension of time to appeal. *United States v. Golding*, 739 F.2d 183, 184 (5th Cir. 1984) (per curiam).

Because McWaine files his notice of appeal *pro se*, it must be given a liberal construction. *See United States v. Moron-Solis*, 388 F. App'x 443 (5th Cir. 2010) (per curiam) (citing *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007)). Under Rule 4(b)(4), a court is guided by equitable considerations in light of all the relevant circumstances. *United States v. Clark*, 51 F.3d 42, 44 (5th Cir. 1995) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993)). Such considerations include possible prejudice to the late filer, the length of the delay and the impact on judicial proceedings, the reason for the delay, and whether the defendant acted in good faith. *Id.* Neglectful late filings may result from inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control. *See Pioneer Inv. Servs. Co.*, 507 U.S. at 388, 113 S. Ct. 1489.

With all of the foregoing in mind, the Court finds that McWaine has demonstrated the requisite excusable neglect or good cause to justify an extension of Rule 4(b)(4). McWaine's explanation of receiving the Court's Order after the deadline to file his notice of appeal describes a circumstance demonstrating good cause or excusable neglect that would warrant an extension under Rule 4(b)(4). The Court finds that McWaine's untimely notice of appeal [224] was due to excusable neglect or good cause.

ACCORDINGLY, Defendant Derwin Renwick McWaine's *pro se* motion for an extension of time to appeal is GRANTED.

This case shall be returned to the United States Court of Appeals for the Fifth Circuit for further action, pursuant to the remand Order [225].

An order in accordance with this opinion shall be issued this day.

THIS, the 7th day of May, 2015.

/s/ Ah H Davidson
SENIOR U.S. DISTRICT JUDGE