IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**DERWIN RENWICK MCWAINE**                                                                    **MOVANT**

V.                                                                                    **NO.: 4:98CR22-GHD-JMV**

**UNITED STATES OF AMERICA**                                                  **RESPONDENT**

## ORDER TRANSFERRING CASE TO THE
## FIFTH CIRCUIT COURT OF APPEALS

This matter comes before the Court, *sua sponte*, for consideration of the transfer of this cause. Pending before the Court is Derwin Renwick McWaine's motion for "Actual Innocence," which the Court construes as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

McWaine has previously filed at least one unsuccessful § 2255 motion in this Court, *United States v. McWaine*, No. 4:98CR22-GHD-JMV (N.D. Miss. March 22, 2013), and was denied a certificate of appealability from that decision. *United States v. McWaine*, No. 13-60308 (5th Cir. Nov. 7, 2013). The Court finds the instant § 2255 motion successive, and this Court cannot consider it until McWaine obtains authorization to proceed from the Fifth Circuit. *See, e.g., United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000) (holding that a motion is successive when it raises a claim challenging a "conviction or sentence that was or could have been raised in an earlier petition"); 28 U.S.C. § 2244(b)(3)(A) (requiring applicant seeking to file a second or successive petition first "move in the appropriate court of appeals for an order authorizing the district court to consider the application"). McWaine has not obtained authorization to proceed in this Court on a second or successive petition.

Rather than dismissing the petition as successive, the Fifth Circuit has allowed district courts to transfer the motion for consideration pursuant to 28 U.S.C. § 2244(a) and (b)(3)(C). *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). Therefore, in the interest of justice and judicial economy, it is hereby **ORDERED**:

1) That this motion be transferred to the Fifth Circuit Court of Appeals for Movant to seek permission to file this successive § 2255 motion;

2) That the Clerk of Court transfer this motion and entire record to the Fifth Circuit Court of Appeals in accordance with § 2244(b)(3) and *In re Epps*, 127 F.3d at 365; and

3) That this case is **CLOSED**.

**THIS** the 10th day of August, 2015.

/s/ Glen H. Davidson
**SENIOR U.S. DISTRICT JUDGE**