IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.                                                                               CASE NO.: 4:98CR022

DERWIN RENWICK MCWAINE

### GOVERNMENT'S RESPONSE IN OPPOSITION TO
### DEFENDANT'S MOTION FOR SENTENCE REDUCTION

Movant Derwin Renwick McWaine has filed a motion asking the Court to reduce his sentence based on First Step Act of 2018 ("FSA") allowance of retroactive application of drug quantity changes made by the Fair Sentencing Act of 2010 ("FAIR"). Ironically, McWaine received FAIR benefits back in 2001, when on direct appeal the Fifth Circuit held that *Apprendi v. New Jersey*, 530 U.S. 466 (2000), applied to his conviction for conspiracy to distribute cocaine base and directed the Court to resentence McWaine "pursuant to 21 U.S.C. § 841(b)(1)(C)." *United States v. McWaine*, 243 F.3d 871, 875-76 (5th Cir. 2001).

Because McWaine's cocaine base conviction was re-sentenced under § 841(b)(1)(C), FAIR is inapplicable to his sentence and he is entitled to no relief. His petition should be denied. In support of its opposition, the government would show as follows:

### HISTORY

In February 1998 a Federal grand jury indicted Derwin Renwick McWaine and others in a 15-count Indictment charging conspiracy to distribute cocaine base, possession with intent to distribute marijuana, two gun counts, and multiple counts of money laundering. Doc. 1. On August 1998 a Federal petit jury found McWaine guilty on those

counts. Doc. 84. McWaine filed a motion for a new trial. Doc. 85. The Court denied it. Doc. 90. McWaine then asked the Court to reconsider. Doc. 98. The Court also denied that motion. Doc. 104.

U.S. Probation completed a presentence investigation and compiled its findings into a presentence investigation report ("PSR"). In the PSR, Probation found that the cocaine base conspiracy had statutory penalties of not less than 10 years nor more than life incarceration under 21 U.S.C. § 841(b)(1)(A). PSR, p. 1, p. 31, ¶ 114. Probation found that McWaine was responsible for 100 kilograms of cocaine base. PSR, ¶ 16.

Probation calculated the U.S. Sentencing Guidelines using the 1997 guideline manual. PSR, ¶ 20. 100 kilograms of cocaine base resulted in an assignment of 38 points by the Drug Quantity Table at § 2D1.1(c). PSR, ¶ 25. Additional offense points for use of a firearm, role in offense, and obstruction of justice were assigned. PSR, ¶¶ 22, 24, and 25. His adjusted cocaine base offense level was 46. PSR, ¶¶ 26 and 43. Because McWaine both went to trial denying culpability, and also obstructed justice, no reduction for acceptance of responsibility was given. PSR, ¶ 44.

Based on McWaine's 5 countable prior convictions, Probation assigned 10 criminal history points, PSR, ¶¶ 55-67, and an additional three points for being on parole when the convicted conduct occurred, which also occurred within two years of release from custody. PSR, ¶¶ 67-70. 13 criminal history points results in a criminal history category of VI. PSR, ¶ 70. With an offense level of 46 and a criminal history category of VI, the Sentencing Guidelines called for a life sentence for the cocaine base conspiracy conviction. PSR, ¶ 115.

McWaine objected "to almost all of the information contained in [] the defendant's criminal history." Addendum to PSR, p. 36. He also objected to the guideline calculations. Addendum to PSR, pp. 38-39.

On April 7, 1999 the Court sentenced McWaine to life imprisonment on count 1 and terms of 5 years, 10 years, and 20 years on remaining counts, all to be served concurrently. Doc. 107. McWaine appealed. Doc. 108.

The Fifth Circuit Court of Appeals affirmed McWaine's convictions, rejecting claims of prosecutorial misconduct, that the motion for new trial should have been granted, and that the Court should have suppressed evidence obtained during a search of his residence. *United States v. McWaine*, 243 F.3d 871, 873-875 (5th Cir. 2001). The Fifth Circuit found, however, that the intervening United States Supreme Court case *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which held that facts that enhance statutory penalties must be alleged in indictments and found by a jury or factfinder beyond a reasonable doubt, should apply to McWaine's sentence. At 875. This was because Apprendi was decided while McWaine was on appeal and was thus applicable to his case. The Fifth Circuit remanded the case for resentencing, instructing the Court to resentence McWaine pursuant to 21 U.S.C. § 841(b)(1)(C), the penalty section for drug trafficking offenses that allege no amount or quantity of drugs. *Id.*

On March 30, 2001, the Court resentenced McWaine. Doc. 130. The Court imposed a 50-year sentence, being 20 years for Count 1, the cocaine base conspiracy count; 5 years on Count 2, the marijuana count, to be served concurrently with Count One; 10 years on Count 3, the felon in possession of a firearm count, to be served consecutively to Counts 1 and 2; 5 years for Count 4, the possession of a firearm with an obliterated serial number, to

be served concurrently with Count 3; and 20 years each on Counts 7, 8, 9, 10, 11, 12, 14, and 15, the money laundering counts, to be served concurrently with each other, but consecutively to Counts 1, 2, 3, and 4. Doc. 130.

McWaine appealed the sentence. Doc. 131. The Fifth Circuit affirmed all aspects of the sentence except for the term of post-incarceration supervised release for Count One, which the Court reduced from 5 years to 3 years. *United States v. McWaine*, 290 F.3d 269, 277 (5th Cir. 2002).

Since that time McWaine has filed numerous motions for relief, which have all been denied. He has appealed the various denials and the Fifth Circuit has rejected his appeals. See Docket.

In a motion dated March 8, 2019, which the Clerk filed on March 13, 2019, McWaine filed the instant motion seeking retroactive application of the FAIR cocaine base adjustments to his sentence pursuant to FSA. Doc. 251.

## FIRST STEP AND FAIR SENTENCING ACTS

Congress enacted FSA in late 2018. Section 404 of FSA allows a court the discretion to impose a reduced sentence for a defendant "as if sections 2 and 4 of the [FAIR] were in effect at the time the covered offense was committed." Section 2 of FAIR amended 21 U.S.C. § 841(b)(1)(A) by increasing the cocaine base amount in § 841(b)(1)(A)(iii) from 50 grams to 280 grams and Section 4 increased the cocaine base amounts in § 841(b)(1)(B)(iii) from 5 grams to 28 grams. (Public Law 111-220, 124 Stat. 2372).

Some distinct points control retroactive application of FAIR:

Sections 2 and 4 of the FAIR reduced statutory penalties by increasing the quantity of cocaine base necessary for increased statutory minimums and maximums. A defendant

4

sentenced before August 3, 2010, for a cocaine base offense subject to 21 U.S.C. § 841(b)(1)(A) or (B) may seek a reduction of sentence under Section 404 of the FSA, if Section 2 or 4 of FAIR reduces the statutory penalties for that offense. FAIR did no alter 21 U.S.C. § 841(b)(1)(C). A sentencing reduction will most commonly occur where the defendant was sentenced to a statutory-minimum term above the otherwise applicable guideline range, and that statutory term was lowered or eliminated by the FAIR or where the defendant was sentenced based on a career-offender range that has been lowered due to changes in statutory maximum penalties stated in FAIR.

Finally, a district court is not required to reduce any sentence and may exercise its discretion in deciding whether to and how much to reduce a sentence. See, e.g., *United States v. Smith*, 2019 WL 1028000, at * 3 (E.D. Ky., Mar. 4, 2019) ("the district court's decision to modify a sentence under § 3582(c) is discretionary.").

**McWAINES'S CHARGES AND STATUTORY AND GUIDELINE PENALTIES**

At the times the grand jury returned the Indictment and the petit jury found McWaine guilty, *Apprendi* had not been decided and drug amounts were usually not alleged in indictments. Using pre-*Apprendi* practice, McWaine's Indictment did list the maximum statutory penalty for more than 50 grams of cocaine base, citing 21 U.S.C. § 841(b)(1)(A) but did not include any allegation of drug weight. Doc. 1. Probation continued this practice in the PSR and the Court sentenced accordingly, imposing a life sentence on McWaine. Doc. 107.

As discussed above, during McWaine's appeal *Apprendi* was decided. Because McWaine was on direct appeal, the Fifth Circuit applied *Apprendi* to McWaine and remanded the case for resentencing on Count 1 pursuant to 21 U.S.C. § 841(b)(1)(C), the

5

section which describes penalties for cocaine base trafficking offenses which do not allege drug quantities. *McWaine*, 243 F.3d at 875. The Court did so, imposing the maximum 20-year sentence for that count and additional 30-year consecutive sentences for the gun and money laundering counts. Doc. 130.

This 50-year sentence was allowed by the U.S. Sentencing Guidelines as a downward departure, because based on McWaine's offense conduct, offense level, and criminal history, the guidelines called for life imprisonment. See PSR, ¶ 115 and USSG § 5G1.2.

Were McWaine sentenced today, using current U.S. Sentencing Guidelines, the same life term of incarceration would be the recommended sentencing range. McWaine was responsible for conspiracy to distribute 100 kilograms of cocaine base. PSR, ¶ 21. The Drug Quantity Table, found at USSG § 2D1.1(c), now calls for an offense level of 38 for over 25.2 kilograms of cocaine base, roughly one-quarter the amount McWaine distributed. Offense adjustments for use of a firearm, role in offense, and obstruction of justice would still be applicable under current guidelines. See, USSG §§ 2D1.1(b)(1), 3B1.1(a), and 3C1.1 (Nov. 2018). McWaine's total offense level would remain 46.[1] His criminal history category would also remain VI. The called for sentence range would remain life imprisonment. See, Sentencing Table, USSG Chapter 5, Part A. Again, the Fifth Circuit affirmed the 50-year sentence. *McWaine*, 290 F.3d at 275.

---

[1] Any offense level over 43 reduces to 43 by operation of the Guidelines. See, USSG Chapter 5, Part A—Sentencing Table, application note 2 (Nov. 1, 2018) ("In rare cases, a total offense level of less than 1 or more than 43 may result from application of the guidelines. A total offense level of less than 1 is to be treated as an offense level of 1. An offense level of more than 43 is to be treated as an offense level of 43.").

FAIR did not alter U.S.C. § 841(b)(1)C) and, if Sections 2 or 4 were applied retroactively to McWaine's sentence, there would be no change. This is because Sections 2 and 4 changed 21 U.S.C. §§ 841(b)(1)(A) and 841(b)(1)(B), but not § 841(b)(1)(C).

## CONCLUSION

Because FAIR did not amend 21 U.S.C. § 841(b)(1)(C), McWaine's sentence would not change were he sentenced under its changes today. His sentence should be affirmed.

        WILLIAM C. LAMAR
        United States Attorney
        MS Bar No. 8479

By:   */s/ Paul D. Roberts* _
       PAUL D. ROBERTS
       Assistant United States Attorney
       Mississippi Bar No. 5592
       900 Jefferson Avenue
       Oxford, MS 38655
       paul.roberts@usdoj.gov
       662-234-3351

## CERTIFICATE OF SERVICE

  I, PAUL D. ROBERTS, Assistant United States Attorney for the Northern District of Mississippi, hereby certify that I electronically filed the foregoing **GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SENTENCE REDUCTION** with the Clerk of the Court using the ECF system which will send a link with access to this document to below-listed counsel:

  Gregory S. Park
  greg_park@fd.org

  I further certify that I have mailed, via the U.S. Mails, a true copy of this foregoing **GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SENTENCE REDUCTION** the following non-ECF party:

  Derwin McWaine
  #10797-042
  United States Penitentiary
  P. O. Box 019001
  Atwater, CA 95301

  This the 14th day of May, 2019.

                */s/Paul D. Roberts*
                PAUL D. ROBERTS
                Assistant United States Attorney