IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 4:98-cr-00022-GHD-JMV

DERWIN RENWICK McWAINE  DEFENDANT

ORDER DENYING DEFENDANT'S *PRO SE* MOTIONS FOR RECONSIDERATION

Presently before the Court is the Defendant's *pro se* motion for reconsideration [260] and two related motions [262, 263], in which he seeks to have the Court reconsider its August 19, 2019, Opinion and Order [258, 259] denying his motion to reduce his sentence.

As the Court noted in its previous Order, the Defendant was indicted on a 15-count Indictment charging him with conspiracy to distribute crack cocaine, possession with intent to distribute marijuana, two unlawful gun possession counts, and multiple counts of money laundering [259, at p. 1]. The jury convicted the Defendant on all counts. On April 7, 1999, the Court sentenced the Defendant to life imprisonment on Count One and terms of five years, 10 years, and 20 years on the remaining Counts of conviction, all to be served concurrently [Doc. 107].

The Defendant appealed his conviction and sentence. While his appeal was pending, the United States Supreme Court decided *Apprendi v. New Jersey*, 530 U.S. 466 (2000). In *Apprendi*, the Supreme Court held that any fact other than a prior conviction, including drug amounts, which increased the penalty for a crime beyond the statutory maximum must be included in the indictment and submitted to the jury. The Fifth Circuit affirmed the Defendant's conviction but held that *Apprendi* applied to the Defendant's case; therefore, the Fifth Circuit vacated the Defendant's sentence and remanded the case for resentencing under 21 U.S.C. § 841(b)(1)(C). *United States*

*v. McWaine*, 243 F.3d 871, 873-75 (5th Cir. 2001). Upon remand, this Court resentenced the Defendant to a 50-year sentence comprised of 20 years on Count One (cocaine base conspiracy); five years on Count Two (marijuana), to be served concurrently with Count One; 10 years on Count Three (felon in possession of a firearm), to be served consecutively to Counts One and Two; five years on Count Four (possession of firearm with obliterated serial number), to be served concurrently with Count Three; and 20 years each on Counts Seven through Twelve and Fourteen and Fifteen (money laundering counts), to be served concurrently with each other, but consecutively to Counts One through Four. Subsequent to another appeal, the Fifth Circuit affirmed this sentence other than reducing the term of supervised release for Count One from five years to three years. *United States v. McWaine*, 290 F.3d 269, 277 (5th Cir. 2002).

The Defendant then sought, under the First Step Act, PL 115-391, 132 Stat. 4194, to have this Court further reduce his sentence [251]. In denying the Defendant's motion, the Court held that because the Defendant was not convicted of a "covered offense" under the First Step Act, he was not eligible to seek relief under that Act [259, at pp. 3-4]. As the Court explained, the Defendant was sentenced under 21 U.S.C. § 841(b)(1)(C), which is not a covered offense under the Act, and not under 21 U.S.C. § 841(b)(1)(A) or (B), which are covered offenses; accordingly, the Court denied the Defendant's motion [259, at pp. 3-4].[1] Today, the Court finds that its previous ruling was correct and that the Defendant is presently not eligible for relief under the First Step Act. Accordingly, the Defendant's present motions are denied.

THEREFORE, the Court hereby ORDERS that the Defendant's *pro se* motion for

---

[1] The Supreme Court recently granted certiorari to consider the question as to whether pre-August 3, 2010 crack cocaine offenders sentenced under 21 U.S.C. § 841(b)(1)(C) have a "covered offense" under the First Step Act. *Terry v. United States*, 141 S.Ct. 975 (Jan. 8, 2021).

2

reconsideration and related motions [Docs. No. 260, 262, 263] are DENIED.

SO ORDERED, this, the 4th day of May, 2021.

/s/ John H. Davidson
SENIOR U.S. DISTRICT JUDGE