# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 16, 2022

Lyle W. Cayce
Clerk

No. 21-60474
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee,*

*versus*

DERWIN RENWICK MCWAINE,

*Defendant—Appellant.*

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:98-CR-22-1

Before BARKSDALE, COSTA, and ENGELHARDT, *Circuit Judges.*

PER CURIAM:*

Proceeding *pro se*, Derwin Renwick McWaine, federal prisoner # 10797-042, appeals the district court's denial of reconsideration of its denial of his motion to reduce his sentence pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-60474

McWaine was convicted of violating federal drug-trafficking, firearms, and money-laundering statutes. Our court affirmed McWaine's convictions but vacated his sentence and remanded the case to district court for resentencing in the light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), specifically his sentence of life imprisonment for conspiracy to distribute crack cocaine under 21 U.S.C. § 841(b)(1)(A): our court held that, as a result, the sentence could not be based on 21 U.S.C. § 841(b)(1)(A), but instead on 21 U.S.C. § 841(b)(1)(C) (20-year statutory maximum). *United States v. McWaine*, 243 F.3d 871, 875–76 (5th Cir. 2001).

On remand, he was resentenced to, *inter alia*, a total of 50 years' imprisonment, which included a 20-year sentence for conspiracy to distribute crack cocaine. Our court affirmed his sentence, except for a modification to his supervised-release term. *United States v. McWaine*, 290 F.3d 269, 277 (5th Cir. 2002).

McWaine asserts: on remand, the district court should have retried him on the drug conspiracy charge or sentenced him to a total of 20 years in prison; and, because it did not, his sentence was calculated based upon the above-referenced 21 U.S.C. § 841(b)(1)(A)—a "covered offense" under the First Step Act.

The denial of a motion for reconsideration is generally reviewed for abuse of discretion. *United States v. Rabhan*, 540 F.3d 344, 346 (5th Cir. 2008). As discussed, McWaine was sentenced on remand for his drug-conspiracy offense to the 20-year maximum under 21 U.S.C. § 841(b)(1)(C). And, the Fair Sentencing Act of 2010, Pub. L. No. 111-220, sec. 2(a), 124 Stat. 2372, made retroactive by the First Step Act, "did not modify the statutory penalties for" offenses under § 841(b)(1)(C). *Terry v. United States*, 141 S. Ct. 1858, 1861–63 (2021). Consequently, McWaine's drug-conspiracy offense is not a "covered offense" under the First Step Act, and he was

Case: 21-60474    Document: 00516386091    Page: 3    Date Filed: 07/08/2022

ineligible for a sentencing reduction. *See id*. at 1862–64 (explaining § 841(b)(1)(C) not "covered offense" and, therefore, does not warrant sentence reduction under First Step Act).

AFFIRMED.